J-S51022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NOEL BROWN, | |
| Appellant | No. 649 EDA 2017 |

Appeal from the Judgment of Sentence February 3, 2017
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000258-2016

BEFORE:  BOWES and SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 23, 2017**

Appellant, Noel Brown, appeals *pro se* from the judgment of sentence entered on February 3, 2017, in the Wayne County Court of Common Pleas. We affirm.

The record reveals that on June 29, 2016, A.C., the fifteen-year-old victim in this case, was reported as a runaway.  Affidavit of Probable Cause, 7/7/16, at 1.  A.C. had answered an online advertisement seeking escorts and strippers.  *Id.*  On that day, A.C. left her mother's house with Appellant. *Id.*  By tracking A.C.'s cellular telephone, Pennsylvania State Police were able to locate A.C. at a local motel.  *Id.*   When the police arrived, they noticed that A.C. appeared intoxicated; A.C. stated that Appellant had given

_____

[*] Former Justice specially assigned to the Superior Court.

her vodka. ***Id.*** The troopers transported A.C. to the State Police barracks and questioned her regarding the events of the prior evening. ***Id.*** A.C. told the troopers that she had answered an online advertisement for escorts, and Appellant picked her up and drove her to the motel. ***Id.*** At the motel, Appellant provided A.C. with liquor, and A.C. fell asleep. ***Id.*** Police discovered that after A.C. fell asleep, Appellant undressed A.C., exposed her breasts, took a photograph of the minor's breasts, and placed the photograph online in an effort to utilize A.C. as a prostitute. ***Id.*** Police also recovered a document signed by A.C. wherein she agreed to work for Appellant, and Appellant would act as her pimp. ***Id.***

Police arrested Appellant and charged him with numerous crimes in connection with the aforementioned events. At the preliminary hearing before a magisterial district judge, there was a colloquy consistent with ***Commonwealth v. Grazier***, 713 A.2d 81, 82 (Pa. 1998),[1] and a thorough discussion of the factors outlined in Pa.R.Crim.P. 121(A)(2) concerning *pro se* representation. N.T., 7/18/16, at 8.[2] At the subsequent hearing on

---

[1] In ***Commonwealth v. Grazier***, 713 A.2d 81, 82 (Pa. 1998), the Supreme Court of Pennsylvania held that when a defendant wishes to waive counsel, an on-the-record determination should be made that said waiver is knowing, intelligent, and voluntary.

[2] ***Compare Commonwealth v. Payson***, 723 A.2d 695, 704 (Pa. Super. 1999) (where this Court concluded that a proper waiver of counsel did not occur when the defendant signed a waiver-of-counsel form specifically indicating that the waiver was effective only as to the proceeding before the
*(Footnote Continued Next Page)*

pretrial motions, Appellant informed the trial court that he remained steadfast in his desire to represent himself. N.T., 10/3/16, at 4. The trial court questioned Appellant, urged him to retain counsel, and informed Appellant that the court would appoint counsel. *Id.* Appellant reiterated that he would not accept counsel and would represent himself. *Id.* The trial court ultimately permitted Appellant to proceed *pro se*, but the trial court appointed standby counsel. *Id.* Following a jury trial, Appellant was found guilty of interference with custody of children,[3] dissemination of photos of child sex acts, corruption of minors, furnishing liquor to minors, and trafficking in minors.

On February 3, 2017, the trial court sentenced Appellant to an aggregate term of 180 to 384 months of incarceration. Appellant filed post-sentence motions that were denied, and on February 9, 2017, Appellant filed a timely appeal. Throughout the proceedings Appellant remained *pro se*.

On February 14, 2017, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 10, 2017, Appellant filed what he labeled a Pa.R.A.P. 1925(b) statement. This statement is a hand-written, nearly illegible

*(Footnote Continued)* ───────────

district justice). Here, Appellant waived counsel before the magisterial district judge and before the trial court judge.

[3] 18 Pa.C.S. § 2904(a), 18 Pa.C.S. § 6312(c), 18 Pa.C.S. § 6301(a)(1)(ii), 18 Pa.C.S. § 3011(b), and 18 Pa.C.S. § 6310.1(a), respectively.

diatribe of more than thirty claims of error. On April 17, 2017, the trial court issued its Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant purports to raise issues of ineffective assistance of counsel, improper venue, an unlawful search, the opinion of the Sexual Offenders Assessment Board, obstruction of justice, due process, discovery, pretrial motions, prior bad acts evidence, cruel and unusual punishment, sufficiency of the evidence, and a deprivation of his rights. Appellant's Brief at unnumbered 3-18. After review, we are constrained to conclude that none of the issues is supported by cogent legal argument or citation to relevant authority; rather, Appellant's argument is a nonsensical invective on the proceedings in the trial court.

"Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Id.*** (citation omitted). Due to the overwhelming deficiencies in Appellant's brief, we conclude that Appellant has waived his issues on appeal.[4] Pa.R.A.P. 2119; ***see also***

---

[4] Assuming for the sake of argument that Appellant's brief was capable of being distilled into lucid claims of error, we would affirm on the basis of the trial court's opinion wherein the trial court dutifully pared down Appellant's

*(Footnote Continued Next Page)*

***Commonwealth v. Rhodes***, 54 A.3d 908, 915 (Pa. Super. 2012) (an appellant's failure to develop an argument or cite authority in support of his issue results in waiver of the claim). Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2017

---

*(Footnote Continued)* —————————

convoluted Pa.R.A.P. 1925(b) statement and argument into twelve issues. ***See*** Trial Court Opinion, 4/17/17.